**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DISABILITY ADVOCATES,**
**INC.,**

                **Plaintiff,**           1:10-cv-652
                                                      (GLS/DRH)
        v.

**NEW YORK STATE BOARD**
**OF ELECTIONS,**

                **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Disability Advocates, Inc.          JENNIFER J. MONTHIE, ESQ.
5 Clinton Square                   TIMOTHY A. CLUNE, ESQ.
Third Floor
Albany, NY 12207

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN    DAVID L. COCHRAN
New York State Attorney General     Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Disability Advocates, Inc. (DAI)[1] commenced this action against the New York State Board of Elections (NYSBOE), seeking injunctive and declaratory relief in response to alleged violations of Title II of the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act.  (*See* Compl., Dkt. No. 1.)  Pending are DAI and NYSBOE's motion and cross-motion, respectively, for summary judgment.  (Dkt. Nos. 17, 36.)  For the reasons that follow, DAI's motion is denied and NYSBOE's cross-motion is granted.

## II. Background[2]

Under N.Y. Election Law § 8-400(1)(b), a qualified voter who claims illness or physical disability may cast his vote through the use of an absentee ballot.  Where that illness or disability is permanent, the voter may additionally seek to automatically receive an absentee ballot for all future elections.  N.Y. Elec. Law § 8-400(4) (McKinney 2010).  While section 8-400(4) previously required the voter to show "the particulars of

---

[1] Disability Advocates, Inc. is a protection and advocacy agency under 42 U.S.C. §§ 10801, 15043, and 29 U.S.C. § 794e.  Under 42 U.S.C. §§ 10805 and 15043, such agencies are authorized to, among other things, pursue legal remedies to ensure the protection of individuals with disabilities.  *See, e.g.*, *Rubenstein v. Benedictine Hosp.*, 790 F. Supp. 396, 408-09 (N.D.N.Y. 1992).

[2] The facts are undisputed unless otherwise noted.

2

his illness or disability" in order to qualify as permanently disabled, that requirement was removed as of April 28, 2010. *Compare Id.*, *with* N.Y. Elec. Law § 8-400(4) (McKinney 2009); (Def.'s Statement of Material Facts (SMF) ¶¶ 9-10, Dkt. No. 36, Attach. 7.)  As mandated by law, the NYSBOE prescribes a standard absentee ballot application form. N.Y. Elec. Law § 8-400(10). While county boards of election may create their own application form, such forms must substantially comply with section 8-400. *Id.*; (Dkt. No. 36, Attach. 9 ¶ 12.) Completed absentee ballot application forms are retained by county boards of election, not the NYSBOE. (Def. SMF ¶¶ 40, 44-45.)

Prior to June 15, 2010, the application form used by the Albany County Board of Elections (ACBOE) required applicants seeking absentee ballots on disability grounds to provide the name of their medical practitioner or Christian Science Practitioner, as well as the name and address of the hospital in which they expected to be a patient. (Pl.'s SMF ¶ 10, Dkt. No. 17, Attach. 1; Attach. 12 at 3.) Applicants claiming permanent disability were required to articulate the nature of that disability. (Dkt. No. 17, Attach. 12 at 3.) From June 15, 2010 to date, however, the ACBOE has used the application form created by the NYSBOE, which

3

simply requires applicants to check a box indicating that the reason for their request is "temporary illness or physical disability" or "permanent illness or physical disability." (Pl.'s SMF ¶ 9; Dkt. No. 17, Attach. 9 at 2-3.) In Albany County, applications creating permanent absentee voting status are retained "*for a period of two (2) years from the date the voter's registration is cancelled*." (Dkt. No. 17, Attach. 10 at 4; *See* Pl.'s SMF ¶ 19.)

In 2010, DAI was informed by one of its constituents, "A.B.," an eligible New York voter, that absentee ballot application forms were attainable by the public via Freedom of Information Law (FOIL) request. (Pl.'s SMF ¶¶ 24-28.) Fearing public disclosure of his disabilities—agoraphobia and social anxiety disorder—A.B. told DAI that he declined to file a permanent absentee ballot application form with the ACBOE in 2009, and was thus unable to vote in an election held that year. (*Id.* ¶¶ 25-30.) In an attempt to determine the veracity of A.B.'s public disclosure claims, DAI made an April 2010 FOIL request, seeking all absentee ballot application forms for the period January 1, 2009 through December 31, 2009 retained by the ACBOE. (*Id.* ¶ 31; Dkt. No. 17, Attach. 4 at 5:4-11.) The ACBOE granted that request, and DAI was permitted to

4

view over 250 un-redacted permanent absentee ballot application forms, each of which included the applicant's name, address and disability.  (Pl.'s SMF ¶¶ 32-33.)

## III.  Standard of Review

The standard of review under Fed. R. Civ. P. 56 is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, No. 1:09-cv-652, 2011 WL 5599571, at *4 (N.D.N.Y. Nov. 17, 2011).

## IV.  Discussion

### A.  Absentee Ballot Application Forms

While the gravamen of DAI's claims concern the public disclosure of absentee ballot application forms, the Complaint also suggests that Title II of the ADA and the Rehabilitation Act are violated by the requirement that an applicant must indicate the particulars of his disability in order to obtain an absentee ballot.  (Compl. ¶¶ 39, 48.)  As noted above, however, that requirement was removed from N.Y. Election Law § 8-400(4) prior to the June 3, 2010 commencement of this suit, and from the absentee ballot application form created by NYSBOE and used by the ACBOE shortly

5

thereafter.[3] (*See* Dkt. No. 17, Attach. 9.)  Because applicants are no longer required to divulge the nature of their disabilities, and DAI seeks only injunctive and declaratory relief, DAI's claims, to the extent that they are based on such a requirement, are dismissed as moot.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").

## B.  Public Disclosure of Applicants' Disabilities

DAI argues principally that, by releasing to the public absentee ballot application forms containing disability-related information, the NYSBOE violated both Title II of the ADA and the Rehabilitation Act.  (*See* Compl., Dkt. No. 1.)  The NYSBOE contends, among other things, that it is not the proper defendant.  (Dkt. No. 36, Attach. 8 at 17.)  The court agrees with the NYSBOE.

---

[3] DAI argues that an applicant seeking a permanent absentee ballot must still divulge the nature of his disability. (Dkt. No. 40, Attach. 5 ¶ 34.)  That argument is belied, however, by the clear language of N.Y. Election Law § 8-400(4) and NYSBOE and ACBOE's current application form.  (*See* Dkt. No. 17, Attach. 9.)

Without wading into the morass of defining the contours of the NYSBOE's influence over the ACBOE, it is clear that the policy being challenged, and which DAI seeks to have enjoined, is that of the ACBOE. Completed absentee ballot application forms are maintained by county boards of election, not the NYSBOE. (Def.'s SMF ¶ 45.) Furthermore, the FOIL request which gave rise to this litigation was directed to, and responded to by, the ACBOE, which maintains a written policy covering such submissions. (*Id.* ¶¶ 16, 28; Dkt. No. 40 ¶ 32, Attach. 5.) The NYSBOE, which provides guidance to county boards of election, has not issued any advisory opinions regarding absentee ballot applications "or what documents are subject to FOIL" disclosure. (Def.'s SMF ¶¶ 21, 38.) Because it is not the FOIL policy of the NYSBOE which DAI seeks to enjoin, NYSBOE is not the proper defendant in this litigation. Accordingly, the NYSBOE's cross-motion for summary judgment is granted, and DAI's Complaint is dismissed without prejudice.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that DAI's motion for summary judgment (Dkt. No. 17) is **DENIED**; and it is further

7

**ORDERED** that the NYSBOE's cross-motion for summary judgment (Dkt. No. 36) is **GRANTED**, and that all claims against the NYSBOE are **DISMISSED** without prejudice;

**ORDERED** that the clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 4, 2012
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court